LAWYERS AND HOME-MAKERS BUILDING AND LOAN AS-
SOCIATION, A CORPORATION, PLAINTIFF-APPELLANT,
v. LOUIS KOHN ET AL., DEFENDANTS-RESPONDENTS.

Argued May 28, 1936—Decided October 20, 1936.

For the appellant, *Israel B. Greene.*

For the respondents, *Gansler & Feinberg.*

PER CURIAM.

This action is based on a written guaranty of payment entered into by the defendants Louis Kohn and Morris Oster-weil, whereby they jointly and severally guaranteed the payment of the full amount of the principal and interest due and to become due on a certain bond and mortgage, as well as all other moneys which the mortgagee might pay or advance to protect its lien. The bond and mortgage in question were executed and delivered on October 1st, 1925, by Samuel Herman and Herbert Herman, to secure a loan of $16,000, and covered real estate in Lyndhurst, New Jersey. The property was subsequently purchased by the defendant Louis Kohn, who entered into an agreement with the plaintiff recasting the payments under said bond and mortgage, and in

consideration therefor the contract of guaranty was given. Kohn defaulted in the payment of both principal and interest, which resulted in the present litigation.

The defendants moved to strike the complaint on the ground that the suit was prematurely brought, in that the plaintiff had not first foreclosed its bond and mortgage.

The trial court denied the motion as to Osterweil, but struck the complaint as to Kohn, holding that the contract of guaranty entered into by Kohn and the recast agreement both represented the same obligation, and therefore it was necessary to foreclose the mortgage before any action could be instituted to enforce the guaranty, as required by section 48 of the act of 1881. (3 *Comp. Stat., p.* 3421.)

We think that the question as to whether or not the act of 1881 was applicable should have been raised by answer and not by a motion to strike. *Callan* v. *Bodine,* 81 *N. J. L.* 240. There is no allegation in the complaint which would indicate that the mortgage had not been foreclosed or terminated before the institution of suit, or that the obligor had not waived the provision of said statute requiring the foreclosure of the mortgage as the first step, in any of which events the statute would not apply; and if such was the case, the plaintiff should have had the opportunity of replying to that effect.

The judgment of *non pros* entered as to Kohn is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Heher, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, JJ. 11.